UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR LABLANC, et al.,

       Plaintiffs,                        Hon. Janet T. Neff

v.                                               Case No. 1:12-cv-00062

C. BARRY & ASSOCIATES, LLC, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Dkt. 12), which was referred to the undersigned by the Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B).  A hearing on the motion was held July 16, 2012.

A summons was returned executed as to defendant C. Barry & Associates, LLC (Dkt. 7). Defendant failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to defendant C. Barry & Associates, LLC on May 16, 2012 (Dkt. 10). In response to the notice of hearing on the motion for default judgment (Dkt. 14), plaintiff filed a proof of service of the motion and notice of hearing on the defaulting defendant (Dkt. 15).  Plaintiff, through counsel, appeared for the July 16, 2012 hearing on the motion for default judgment. Defendant C. Barry & Associates, LLC did not appear for the hearing or contact the court in any way.

## THE PARTIES

Plaintiffs Omar LaBlanc and Ora LaBlanc seek redress for allegedly unlawful collection practices engaged in by defendants C. Barry & Associates LLC, and John Does 1-10. Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and state law.  Defaulting defendant C. Barry & Associates LLC ("Barry") is a limited liability company chartered under New York law, engaged in the business of using the mails and telephone to collect consumer debts originally owed to others. Barry is a debt collector as defined in the FDCPA.  C. Barry & Associates, LLC is not a minor or an incompetent person. As this defendant has not answered or otherwise pled, the allegations against C. Barry & Associates, LLC are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

## STANDARD

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

(b) Entering a Default Judgment.

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

 Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

 For reasons discussed on the record at the July 16, 2012 hearing, and upon review of the filings submitted both before the hearing and as ordered by the undersigned at the hearing, the undersigned finds that a further evidentiary hearing is not necessary and plaintiffs are entitled to default judgment and to the following damages:

| Plaintiff | Amount | Pursuant to/Support |
| --- | --- | --- |
| Ora LaBlanc | $1,000 | Statutory damages under the FDCPA, 15 U.S.C. §1692k (Motion for Default Judgment, Dkt. 12 at p. 3). |
| Ora LaBlanc | $2500 | Actual damages under federal, Michigan and common law, (Dkt. 12 at pp. 3-4, Declaration or Ora LaBlanc, Dkt. 13, and Further Brief in Support of Default Judgment Against Defendant, Dkt. 17, at pp. 2-6). I find this amount reasonable. |
| Ora LaBlanc | $7500 | Treble damages authorized by MCL §339.916 for wilful violation of MCL §339.915(n) (Dkt. 12 at p. 4, Dkt. 17 at pp. 1-2) I find that the conduct of defendant qualifies as wilful. |
| Omar LaBlanc | $1000 | Statutory damages under the FDCPA, 15 U.S.C. §1692k (Dkt. 12 at p. 3). |
| Omar LaBlanc | $1000 | Actual damages for claims under the FDCPA (Dkt. 12 at pp. 2-4, Declaration of Omar LaBlanc, Dkt. 12 at Exh. 2 and Dkt. 17 at pp. 2-6). I find this amount reasonable. |

for a total award of $11,000 to Ora LaBlanc and $2000 to Omar LaBlanc. Plaintiffs also moved for default judgment and $3000 in punitive damages to Omar LaBlanc under the Illinois

Collection Agency Act, 225 ILCS 425/1, *et seq*. but failed to provide support for this request in their supplemental brief (Dkt. 17) as ordered by the court.

## FEES AND COSTS

Attorney fees may be awarded in this matter pursuant to the FDCPA (15 U.S.C. §1692k) and Michigan law (MCL §339.916). As set forth in the Declarations of Daniel A. Edelman (Dkt. 12, Exh. 3), plaintiffs' counsel include experienced attorneys who concentrate on consumer protection claims and it appears that all of the attorneys involved in this case contributed their skills and expended their resources in a coordinated effort that resulted in the termination of this matter. Edelman, Combs Latturner & Goodwin, LLC incurred $2915.00 billable time, and $803.85 in costs and expenses – for a total amount of $3718.85. (Dkt. 12, Appendix F to Exhibit 3.)  In general, "reasonable attorney's fee awards are determined by the fee applicant's 'lodestar,' calculated by multiplying the proven number of hours worked by a court-ascertained reasonable hourly rate." *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). Exhibit 3 to Dkt. 12 presents the lodestar calculation, together with justification for the fees incurred by plaintiffs' counsel, given their experience and prevailing rates. Given the amount of work done in this case (which included attempts to serve the complaint normally, seeking leave to serve by alternative means, and preparing papers necessary to obtain default judgment), the undersigned finds that the amount sought in attorney's fees and costs is reasonable.  The undersigned allowed plaintiffs' counsel to file an affidavit of additional fees incurred in traveling to the motion hearing and preparing the supplemental briefing within seven days of the July 16, 2012 hearing, but no such affidavit was filed.  This recommendation is, therefore, based on the declarations and supporting documentation filed with the motion (Dkt. 12).

CONCLUSION

The undersigned is satisfied that plaintiff has complied with Fed. R. Civ. P. 55(b). The court has held a hearing pursuant to Fed. R. Civ. P. 55(b)(2) regarding damages, has reviewed the plaintiffs' motion (Dkt. 12) and supplemental filing (Dkt. 17), and recommends that Plaintiff's Motion for Default Judgment (Dkt. 12) be granted and that judgment be entered in favor of plaintiffs as follows:  $11,000 to Ora LaBlanc, $2000 to Omar LaBlanc, and $3718.85 in attorney's fees and costs.  The court further recommends that defendants John Does 1 through 10 be dismissed for failure to serve the complaint and this matter terminated.

Respectfully submitted,

Date:  September 24, 2012          /s/ Ellen S. Carmody
                                   ELLEN S. CARMODY
                                   United States Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).